IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIE DEWAYNE GREER,

    Defendant.

Cv. No. 02-1215-T/An
Cr. No. 00-10048-T

---

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On August 15, 2002, defendant, Willie Dewayne Greer, Bureau of Prisons registration number 17373-076, an inmate at the Federal Correctional Institution (FCI) at Manchester, Kentucky, filed a motion under 28 U.S.C. § 2255, seeking to set aside the sentence imposed for his violation of 21 U.S.C. § 841(a)(1).

I. PROCEDURAL HISTORY

On August 21, 2000, a grand jury returned a two-count indictment against defendant Greer. Count one charged defendant with possession of 69.8 grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count two charged defendant with possession of 22.8 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a).

On March 28, 2001, Greer pled guilty to both counts of the indictment pursuant to a plea agreement providing that the Government agreed that defendant was entitled to a reduction for acceptance of responsibility and also agreed to recommend that defendant be sentenced at the low-end of the sentencing guideline range. On September 27, 2001, the Court conducted a sentencing hearing and entered a judgment of conviction imposing

concurrent sentences of one hundred fifty-six months imprisonment, plus a five year period of supervised release on count one and four year period of supervised release on count two, to be served concurrently.  Defendant did not appeal.

Defendant now claims that his sentence should be set aside.  Defendant contends:

1.    The United States breached his plea agreement by not recommending that he be sentenced to the low-end of the guidelines range.

## II. ANALYSIS

Greer does not challenge the validity of his guilty plea.  Insofar as he challenges the validity of his sentence, his claim is devoid of merit.  Greer alleges that his offense level was 28 and that the low-end of his applicable guideline range was 140 months imprisonment.  Greer contends that this was a "clear mistake . . . due to the fact that it was not brought to the Court's attention that the low-end was actually 140 months imprisonment as opposed to the 156 months."  Greer, thus, believes he could have received a lesser sentence had this "mistake" been brought to the attention of the Court.  Defendant's sentencing claim should have been raised on direct appeal.

A § 2255 motion can never be utilized as a substitute for an appeal.  Sunal v. Large, 332 U.S. 174, 178 (1947); United States v. Walsh, 733 F.2d 31, 35 (6th Cir. 1984).  Failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion.

> Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system.  Hence, when a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process.

Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996)(citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  Even claims of constitutional error that could have been raised on appeal are

waived unless the defendant demonstrates cause and prejudice for that failure. United States v. Frady, 456 U.S. 152, 167-68 (1982). Here, defendant cannot demonstrate cause and prejudice, nor are his claims of constitutional dimension.

Greer failed to allege that the procedural default of this issue resulted from his attorney's ineffective assistance. However, as he must demonstrate cause and prejudice for this default, the Court will consider the claim as a claim of ineffective assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984), establishes the standard for an ineffective assistance claim. A petitioner must show:

1.    deficient performance by counsel; and
2.    prejudice to the defendant from the deficient performance.

Id. at 687. To demonstrate prejudice, a movant under § 2255 must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To demonstrate prejudice in the course of a conviction entered on a guilty plea, a movant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Additionally, however, in analyzing prejudice,

the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)(citing United States v. Cronic, 466 U.S. 648, 658 (1984)). "Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart v. Fretwell, 506 U.S. at 369. In the context of sentencing, the Court looks to whether the result of the sentencing proceeding was unfair or unreliable. Id. at 371.

3

A prisoner attacking his conviction bears the burden of establishing that he suffered some prejudice from his attorney's ineffectiveness. Lewis v. Alexander, 11 F.3d 1349, 1352 (6th Cir. 1993); Isabel v. United States, 980 F.2d 60, 64 (1st Cir. 1992). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." Strickland, 466 U.S. at 697. If a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id. at 697. See also United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993).

Errors that are not cognizable on direct appeal and that are not of constitutional dimension are generally not cognizable on a motion to vacate. Cf. Durrive v. United States, 4 F.3d 548 (7th Cir. 1993) (discussion of sentencing errors that may be challenged on direct, but not collateral, review); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993)(same). As the court noted in Scott, 997 F.2d at 342-43: "Only extraordinary circumstances--for example, a district court's refusal to implement a provision of the Guidelines designed for the defendant's benefit, coupled with 'cause' for not taking a direct appeal--even call for inquiry [under § 2255]."

In order to satisfy the prejudice prong of an ineffective assistance of counsel claim based upon a Guidelines issue, the petitioner must show that the lawyer's failure to pursue the issue actually affected the sentence. Durrive, 4 F.3d at 551. Here, "even if counsel's performance were deficient, [the defendant] has not established that he was prejudiced." Kesman v. United States, No. 95-3594, 1996 WL 102418, **2 (6th Cir. Mar. 7, 1996).[1]

The record does not support Greer's allegations that his offense level was 28 or that the low-end of his applicable sentencing range was 140 months imprisonment. Greer specifically pled guilty to possession of 92.6 grams of cocaine base with the intent to

---

[1]    Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

distribute. His base offense level of 32 was determined by using the offense level applicable to the underlying offense, pursuant to U.S.S.G. § 2D1.1(c)(4), based upon the drug quantity specifically admitted by the defendant. Greer was required to admit having committed the charged offenses in order to obtain a full three point reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. Furthermore, Greer was a career offender under U.S.S.G. § 4B1.1: he was at least 18 years old at the time of the instant offense, the instant offense was a felony that involved a controlled substance, and he had at least two prior felony convictions involving violence or controlled substance. Therefore, his offense level was set at 37.

At the sentencing hearing on September 27, 2001, the Court conducted a sentencing hearing and adopted the factual findings and guidelines application in the pre-sentence report. Greer received a three-level reduction for acceptance of responsibility, reducing his offense level to 34. Greer's applicable guideline sentencing range was two hundred sixty-two (262) to three hundred twenty-seven (327) months imprisonment. The United States recommended that Greer be sentenced at the low-end of the applicable sentencing range, contrary to the assertions of this petition. Furthermore, the government made a § 5K1.1 motion based upon his substantial assistance. The Court granted the government's § 5K1.1 motion, departed downward from the applicable range of two hundred sixty-two (262) to three hundred twenty-seven (327 months), and imposed a sentence of one hundred twenty (156) months imprisonment. That departure reduced defendant's sentence from the minimum applicable guideline range of 262 months to 156 months imprisonment.

The Court's decision to grant the § 5 K1.1 motion is not only purely discretionary, but specifically insulated by statute from judicial review. See, e.g., United States v. Dellinger, 986 F.2d 1042, 1044 (6th Cir. 1993); United States v. Davis, 919 F.2d 1181, 1187 (6th Cir. 1990). Nor is there any appellate jurisdiction of a district court's discretionary decision

regarding the extent of a downward departure.  <u>United States v. Gregory</u>, 932 F.2d 1167, 1169 (6th Cir. 1991); <u>United States v. Draper</u>, 888 F.2d 1100, 1105 (6th Cir. 1989).

Accordingly, any claim by Greer that his attorney's ineffective assistance under <u>Strickland</u> deprived him of a greater downward departure must fail for lack of a legal demonstration of prejudice because he cannot show that the district court would probably have exercised its discretion to depart further downward.  In order to satisfy the prejudice prong of an ineffective assistance of counsel claim based upon a Guidelines issue, the petitioner must show that the lawyer's failure to pursue the issue actually affected the sentence.  <u>Durrive</u>, 4 F.3d at 551.  Greer's contention that the government breached the plea agreement is factually incorrect.  Furthermore, his claim of error in his assigned offense level is wholly unsupported by the record.  Most importantly, Greer cannot establish that the Court would have indeed granted a greater departure even if requested, and thus cannot establish prejudice.  He thus cannot show "that the result of the proceedings would have been different" and cannot establish either ineffective assistance or the cause and prejudice that depends on it.  <u>Strickland</u>, 466 U.S. at 687.

The motion offers no factual or legal support for any relief under § 2255.  Such a motion must consist of something more than legal conclusions unsupported by factual allegations.  <u>Short v. United States</u>, 504 F.2d 63 (6th Cir. 1974); <u>Ramsey v. United States</u>, 223 F. Supp. 605 (E.D. Tenn. 1963).  Furthermore, in order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings.  <u>See</u> <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637-38 (1993); <u>United States v. Ross</u>, 40 F.3d 144, 146 (7th Cir. 1994).  In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  <u>Reed v. Farley</u>, 512 U.S. at 348; <u>United States v.</u>

Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)(per curiam)(holding that motion under § 2255 must establish a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process). Greer's motion does not meet this standard.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid, and his motion is denied.

III. POSSIBLE APPEAL

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[2] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. Id. at 1073. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073.

[P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one

---

[2]        Title I of the AEDPA substantially revised the habeas statutes, including 28 U.S.C. §§ 2244, 2253, and 2255. Among other provisions, this Act amends 28 U.S.C. §§ 2244(b) and 2255 to require the district court to dismiss any subsequent § 2255 motion case absent permission from the Court of Appeals.

> than the 'good faith' requirement of § 1915. . . . [A] certificate of probable
> cause requires petitioner to make a substantial showing of the denial of [a]
> federal right. [A] question of some substance, or a substantial showing of the
> denial of [a] federal right, obviously [does not require] the petitioner [to]
> show that he should prevail on the merits. He has already failed in that
> endeavor. Rather, he must demonstrate that the issues are debatable among
> jurists of reason; that a court could resolve the issues in a different manner; or
> that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, for the

reasons discussed in the body of this order, the movant's claim is clearly without merit and

he cannot present a question of some substance about which reasonable jurists could differ.

The Court therefore denies a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C.

§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v.

Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a

§ 2255 case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913

and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate

Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper

status on appeal must first file a motion in the district court, along with a supporting

affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district

court certifies that an appeal would not be taken in good faith, or otherwise denies leave to

appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in

the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the

Court determines that any appeal would not be taken in good faith. It is therefore

CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken

in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if movant

files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion

to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this _28th_ day of July, 2005.

_JAMES D. TODD_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 1:02-CV-01215 was distributed by fax, mail, or direct printing on July 29, 2005 to the parties listed.

---

Willie Dewayne Greer
FCI-MANCHESTER
17373-076
PO Box 4000
Manchester, KY 40962--400

Willie Dewayne Greer
FCI-MANCHESTER
17373-076
PO Box 4000
Manchester, KY 40962--400

Honorable James Todd
US DISTRICT COURT